IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN GOFF, EXECUTOR OF THE ESTATE OF FERRELL GOFF, as Assignee of Mboutidem Etokakpan, | ) ) ) | CASE NO.: 4:25-cv-00459 |
| | ) | JUDGE: BENITA PEARSON |
| | ) | |
| Plaintiff, | ) ) | **PLAINTIFF'S MOTION FOR ALTERNATIVE METHOD OF SERVICE** |
| v. | ) ) | |
| TRACO INTERNATIONAL GROUP S. DE R.L. | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

Pursuant to Fed. R. Civ. P. 4(f)(3), Plaintiff Estate of Ferrell Goff, through counsel, respectfully requests that this Honorable Court issue an Order permitting Plaintiff to serve the Summons and Complaint via e-mail upon Defendant, a Panamanian company, via its United States counsel, Timothy Walsh of Steptoe, L.L.P.

This case was filed to address Defendant's breach of contract and bad faith handling of its insured's claim relative to Plaintiff's medical malpractice lawsuit and settlement. Plaintiff Brian Goff is the Executor of the probate estate of his father, Ferrell Goff. Plaintiff sued various parties in the Steward Health Care System, including Dr. Mboutidem Etokakpan, for negligence resulting in his father's wrongful death. Defendant TRACO is a Panamanian corporation that is the medical malpractice insurance carrier for the hospitals and individual providers in the Steward Health Care system. *See Dr. Etokakpan Certificate of Insurance*, attached hereto as Exhibit 1.

The medical malpractice case, which was pending in Trumbull County Ohio as case number 2022CV01323, was settled at mediation on April 16, 2024, with Defendant TRACO

representing Dr. Etokakpan at the mediation and agreeing to pay the $535,000 settlement on Dr. Etokakpan's behalf. *Perlmuter Declaration*, attached hereto as Exhibit 2, at paragraphs 2-4.

Shortly thereafter, on May 6, 2024, many of the corporate Steward Health Care System parties to the underlying medical malpractice case filed a Chapter 11 bankruptcy petition. TRACO did not file for bankruptcy protection and, indeed, TRACO has represented in has represented in filings in that bankruptcy proceeding that "TRACO continues to administer claims made under the [Steward Health Care] Debtors' various insurance policies in the ordinary course." *TRACO October 28, 2024 Steward Bankruptcy Filing*, attached hereto as Exhibit 3, at page 2.

Plaintiff has not found TRACO's representation to be truthful, at least with respect to his medical malpractice settlement. In fact, TRACO has fallen completely silent for at least 6 months as to the payment of that settlement. Undersigned counsel has repeatedly attempted to engage TRACO directly at its home office and through bankruptcy counsel; Defendant has refused to communicate with undersigned counsel or the attorneys that it retained for Dr. Etokakpan in the malpractice litigation whatsoever. *Perlmuter Declaration*, attached hereto as Exhibit 2, at paragraphs 5-8. Dr. Etokakpan thus assigned his contractual rights against his insurer and this case was filed to address TRACO's breach of contract and bad faith handling of Dr. Etokakpan's claim. *Id*.

As can be gleaned from the docket in this matter, TRACO persists in its efforts to evade payment to Plaintiff. On March 26, 2025, service of process was issued by certified mail to TRACO at its corporate headquarters at 1900 N. Pearl St. Ste 2400, Dallas, TX 75201-2470. According to United States Postal Service tracking, after bouncing around the southern U.S. for a few weeks, the summons was returned (for reasons unknown) to the Cleveland area on April 16. *USPS Tracking Detail*, attached hereto as Exhibit 4.

Hence, Plaintiff is attempting two alternative means of service.  First, Plaintiff has hired a process server who is attempting to effectuate service this week at 1900 N. Pearl St. Ste 2400, Dallas, TX. Second, Plaintiff is filing the instant motion.

This motion is brought pursuant to Fed. R. Civ. P. 4(h) and 4(f). Fed. R. Civ. P. 4(h) governs international service of process on foreign businesses. Specifically, this Rule authorizes service of process on a foreign business in the same "manner prescribed by Rule 4(f) for serving an individual, except personal delivery . . ." *Fed. R. Civ. P. 4(h)(2).*

Federal Rule of Civil Procedure 4(f) provides as follows regarding the service of foreign defendants:

> (f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual— other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory of letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>>
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

Id.

Panama is not a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. *See https://www.hcch.net/en/instruments/conventions/status-table/?cid=17* (visited 5/8/25). Thus, this motion is brought under Fed. R. Civ. P. 4(f)(3).

As numerous courts have noted, "Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Cooper v. Longwood Forest Prods., Inc*., 2022 U.S. Dist. LEXIS 253032, *7 (S.D. Ohio Apr. 13, 2022) (citations omitted).

One instance "where reliance on service under Rule 4(f)(3) is appropriate… is when a moving party can demonstrate that the facts and circumstances necessitate district court intervention in the face of an inability to serve an elusive international defendant, striving to evade service of process." *OCLC, Inc. v. Anna's Archive*, 2024 U.S. Dist. LEXIS 51369, *9-10 (S.D. Ohio Mar. 22, 2024) (internal citations omitted).

Courts have set forth two tests to analyze the propriety of service under Fed. R. Civ. P. 4(f)(3). Some courts have held that, under Fed. R. Civ. P. 4(f)(3), "there are only two requirements for service: (1) it must be directed by the court, and (2) it must not be prohibited by international agreement." *OCLC, Inc.*, 2024 U.S. Dist. LEXIS 51369, *8.  Others have held that "[t]here are three requirements for service under Rule 4(f)(3)," the two just referenced, plus a third - that the services must "comport with constitutional notions of due process." *Cooper*, 2022 U.S. Dist. LEXIS 253032, *7-8.  Here, Plaintiff satisfies either test.

First, the United States and Panama are both signatories to the Inter-American Convention on Letters Rogatory, which does not prohibit service by e-mail. *See Elcometer, Inc. v. Tqc-Usa,*

*Inc*., 2013 U.S. Dist. LEXIS 19874, at \*5-6 (E.D. Mich. Feb. 14, 2013) (stating, in permitting service on a Panamanian corporation and Panamanian national by e-mail that "Defendants Paintmeter and Thoren are located in Panama, which is a party to the Inter-American Convention on Letters Rogatory, a treaty which provides a method of service that is mutually recognized by both Panama and the United States. The Inter-American Convention, unlike the Hague Convention, does not purport to provide the exclusive means of effecting service of process between the signatories.").

Second, effectuating service on TRACO's U.S. counsel by e-mail would accord with precedent set by many dozens of courts in the Sixth Circuit in evaluating due process concerns associated with Fed. R. Civ. P. 4(f)(3). To satisfy due process concerns, a party seeking to avail itself of Fed. R. Civ. P. 4(f)(3) must show that the proposed service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Cooper*, 2022 U.S. Dist. LEXIS 253032, \*9-10 (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)).

Back in 2013, the court in *Elcometer* held that "[r]elying on Rule 4(f)(3), courts have authorized a variety of alternative methods of service, including, publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex and **most recently, email**." *Elcometer, Inc.*, 2013 U.S. Dist. LEXIS 19874 at \*6 (E.D. Mich. Feb. 14, 2013) (emphasis added).

In the intervening decade-plus, many dozens have courts have approved service by e-mail under Fed. R. Civ. P. 4(f)(3). *See e.g. AmaTech Group Ltd. v. Fed. Card Servs., LLC*, 2021 U.S. Dist. LEXIS 156461, \*9-10 (S.D. Ohio Aug. 19, 2021) (permitting service of a foreign defendant

by e-mail where the defendant "is residing in a country that does not prohibit email service suffices for purposes of Rule 4(f)(3).")  As stated above, e-mail service is not prohibited in Panama.

In fact, "the weight of authority appears to allow for service of process via U.S. counsel under Rule 4(f). The cases allowing for service through U.S. counsel explain that counsel is simply a conduit for service to a foreign defendant, so service takes place in the foreign country where the defendant resides and ultimately receives process.**" *Avisar v. Wen-Chi Chen*, 2024 U.S. Dist. LEXIS 112181, *7 (N.D. Ohio June 26, 2024) (citing *Vega v. Hastens Beds, Inc.*, 342 F.R.D. 61, 66 (S.D.N.Y. 2022); *Bazarian Int'l Fin. Assocs., L.L.C. v. Desarrollos Aerohotelco, C.A.*, 168 F. Supp. 3d 1, 14 (D.D.C. 2016); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 27 F. Supp. 3d 1002, 1010 (N.D. Cal. 2014)).

*See also FTC v. Repair All PC, LLC*, 2017 U.S. Dist. LEXIS 83173, *16 ("the Court exercised its discretion under Rule 4(f)(3) to allow the FTC to serve the Chadhas and their related entities through email or their counsel"); *Dyer v. Can-Truck, Inc*., 2011 U.S. Dist. LEXIS 68052, *7 ("Plaintiff's service of Can-Truck via email to its defense counsel complies with due process"); *Am. Contrs. Indem. Co. v. Linkology, Inc*., 2020 U.S. Dist. LEXIS 79663, *5-6 ("the district court may order service by email as an alternative method of service pursuant to Fed. R. Civ. P. 4(f)(3), where appropriate… It is hereby ORDERED that Plaintiff is authorized to serve Defendants National Property Management, LLC, Rami Batshoun, and Randa Batshoun via local counsel") (internal citations omitted).

Attorney Timothy Walsh, of the Steptoe L.L.P. firm, currently and actively represents TRACO in the Steward Healthcare Bankruptcy action - *see* Exhibit 3 - and in an adversary action filed by TRACO against the Steward Healthcare system.  *Adversary Case March 5, 2025 Stipulation*, attached hereto as Exhibit 5.

Thus, service upon Mr. Walsh is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *AmaTech Group Ltd. v. Fed. Card Servs., LLC*, 2021 U.S. Dist. LEXIS 156461, *11.

As to the last requirement, - i.e., that alternate service "must be directed by the court" – this motion requests such direction.

Based upon the foregoing, Plaintiff respectfully requests that this Honorable Court issue an order for alternative service via e-mail upon Timothy Walsh, attorney for TRACO.

Respectfully submitted:

*/s/ Scott Perlmuter*

Scott Perlmuter (0082856)
**TITTLE & PERLMUTER**
4106 Bridge Ave.
Cleveland, Ohio 44113
Phone: (216) 308-1522
Fax: (888) 604-9299
scott@tittlelawfirm.com

*Attorneys for Plaintiff*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of May, 2025, a copy of the foregoing was filed electronically. A copy has been served by Regular U.S. Mail to:

TRACO International Group S. de R.L.
1900 N. Pearl St., Ste 2400
Dallas, TX 75201

*/s/ Scott D. Perlmuter*
SCOTT D. PERLMUTER (0082856)

*Attorney for Plaintiff*

8