G fc

PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRIAN GOFF, *etc.*, ) | |
| ) | CASE NO. 4:25CV0259 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| TRACO INTERNATIONAL GROUP S. DE ) | |
| R.L. ) | |
| ) | **ORDER** |
| Defendant. ) | [Resolving ECF Nos. 4 and 5] |

Pending is Plaintiff's Notice of Cause Shown Regarding May 5, 2025 Order and Motion for 60-Day Extension of Time to serve Defendant (ECF No. 4) and Plaintiff's Motion for Alternative Method of Service (ECF No. 5), filed on May 9, 2025.

**I.**

The Complaint (ECF No. 1) in the above-entitled action for breach of contract and bad faith handling of its insured's claim was filed on February 10, 2025. The case at bar arises out of Defendant's alleged failure to pay an agreed-upon April 2024 settlement of $535,000 in a medical malpractice lawsuit against Steward Health Care System ("Steward"),[1] its Trumbull

---

[1] On May 6, 2024, a voluntary petition for relief in a case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") was filed by Steward in the United States Bankruptcy Court for the Southern District of Texas, being Case No. 24-90304, and is being jointly administered under the lead case *Steward Health Care System LLC*, Case No. 24-90213.

(4:25CV0259)

Memorial Hospital, and its employed physician Dr. Mboutidem Etokakpan. *See Goff. v. Steward Trumbull Memorial Hosp. Inc.*, No. 2022 CV 01323 (Trumbull Cnty. Ct. Common Pleas filed Sept. 19, 2022). According to Plaintiff, Defendant participated in a mediation of the medical malpractice case and agreed to the settlement. Plaintiff has obtained an assignment from Dr. Etokakpan of the doctor's rights against Defendant and filed the present case invoking the Court's diversity jurisdiction. *See* Declaration of Scott Perlmuter (ECF No. 5-2). "Steward and certain of its affiliates and associated physicians secure medical malpractice, comprehensive general liability coverage from TRACO, a captive insurance company domiciled in the Country of Panama." Steward's Consolidated Financial Statements, Years ended December 31, 2020 and 2019 (ECF No. 4-1) at PageID #: 65; Dr. Etokakpan's Certificate of Insurance (ECF No. 5-1).

Upon information and belief, Defendant does business out of Steward's corporate headquarters located in Dallas, Texas. Plaintiff's attempts to effectuate service on Defendant in Dallas have failed. *See* USPS Tracking (ECF No. 5-4). Defendant is, however, actively litigating an adversary proceeding against Steward in Steward's pending bankruptcy case. *See TRACO Int'l Grp. S. De R.L. v. Steward Health Care Sys. LLC*, No. 24-03261 (Bankr. S.D. Tex. filed Dec. 6, 2024). Attorney Timothy W. Walsh of Steptoe, L.L.P. is counsel for TRACO in the adversary case. His email address is twwalsh@steptoe.com. In January 2025, Attorney Walsh was made aware in writing of the dispute in the case at bar and Plaintiff's intent to file a lawsuit. *See* Counsel for Plaintiff's emails to Attorney Walsh (ECF No. 5-2 at PageID #: 92-93). Plaintiff's counsel "attempted to reach [Attorney Walsh] numerous times – both by phone and

2

(4:25CV0259)

via e-mail – to see if he would facilitate payment of [the] settlement. He has never responded to any of [Plaintiff's counsel's] attempts to contact him." ECF No. 5-2 at PageID #: 91, ¶ 7.

## II.

On May 5, 2025, the Court ordered Plaintiff to show cause as to "why service of the summons and complaint was not made within 90 days after the filing of the complaint, pursuant to Rule 4(m)." Order (ECF No. 3) (citing *Moncrief v. Stone*, 961 F.2d 595, 596 (6th Cir. 1992) (interpreting the predecessor to Rule 4(m)). Plaintiff filed ECF No. 4 in response to ECF No. 3.

Plaintiff has retained a process server to attempt personal service on Defendant and has also filed ECF No. 5. To date, a Return of Service has not been filed by the process server in the present case. For good cause shown, Plaintiff's request for a 60-day extension of time to serve Defendant is granted.

## III.

Plaintiff also moves the Court pursuant to Fed. R. Civ. P. 4(f)(3) for leave to perfect service of the summons and complaint upon Defendant *via* email to Attorney Walsh, its counsel in the adversary case.

Panama is not a signatory to the Hague Service Convention. This means the Hague Convention cannot be used to serve legal documents in Panama. *See Chanel, Inc. v. The Individuals, Business Entities, and Unincorporated Associations Identified on Schedule "A"*, No. 1:24-cv-24951-KMM, 2025 WL 1433741, at *2 (S.D. Fla. Jan. 9, 2025). The United States and Panama, however, are both signatories to the Inter-American Convention on Letters Rogatory, which does not prohibit service by email. *Elcometer, Inc. v. TQC-USA, Inc.*, No. 12-cv-14628,

3

(4:25CV0259)

2013 WL 592660, at *2 (E.D. Mich. Feb. 14, 2013) ("The Inter-American Convention, unlike the Hague Convention, does not purport to provide the exclusive means of effecting service of process between the signatories."); see AmaTech Grp. Ltd. v. Fed. Card Servs., LLC, No. 1:21-cv-00406, 2021 WL 3674821, at *4 (S.D. Ohio Aug. 19, 2021) ("a party [ ] residing in a country that does not prohibit email service suffices for purposes of Rule 4(f)(3)").

The controlling question is whether email service is prohibited by international agreement. When considering this question, courts "have repeatedly found that email service is not prohibited." *Medical Protective Co. v. Ctr. For Advanced Spine Techs.*, No. 1:14-cv-005, 2014 WL 12653861, at *2 (S.D. Ohio Jan. 13, 2014). In *Medical Protective*, the court found that courts may order service by email pursuant to Rule 4(f)(3) "where appropriate." *Id.* The Court finds the facts and circumstances of the case at bar warrant an order of alternative service by email. See *Chanel, Inc.*, 2025 WL 1433741, at *3 (finding that "service on Defendants through email and posting on the designated website is appropriate"). The Court finds sending an email to TRACO's counsel in the adversary proceeding is reasonably calculated to give Defendant notice and an opportunity to come to the table and be heard in the present case, especially when Defendant already participated in a mediation of the underlying medical malpractice case and agreed to the settlement. See *Am. Contrs. Indem. Co. v. Linkology, Inc.*, No. 2:19-cv-5523, 2020 WL 9076285, at *3 (S.D. Ohio May 6, 2020) (granting plaintiff's motion to allow alternative methods of international service to authorize service via email to defendant's legal counsel in the United States). This also comports with constitutional and judicial notions of due process.

(4:25CV0259)

*Tillotson Corp. v. Supermax Corp. Bhd.*, No. 4:07-CV-0193-RLV, 2008 WL 11336243, at *3 (N.D. Ga. May 21, 2008).

For good cause shown, Plaintiff's request for an Order for alternative service via email upon Timothy W. Walsh, attorney for Defendant in the adversary proceeding, is granted. *See Noco Co. v. Doe*, No. 1:19CV0707 (N.D. Ohio July 26, 2019) (Pearson, J.) (granting plaintiff's motion for leave to serve foreign defendant by alternative means).

**IV.**

Plaintiff's Motion for 60-Day Extension of Time to serve Defendant (ECF No. 4) is granted. Service of the summons and complaint shall be made on or before July 11, 2025.

Plaintiff's Motion for Alternative Method of Service (ECF No. 5) is granted. Plaintiff shall forthwith serve Defendant with the summons and complaint, as well as a copy of this Order, *via* the email account for Timothy W. Walsh (twwalsh@steptoe.com), attorney for Defendant in the adversary proceeding. Thereafter, Plaintiff shall file a Return of Service on the docket.

IT IS SO ORDERED.

   June 17, 2025                                            */s/ Benita Y. Pearson*
Date                                                      Benita Y. Pearson
                                                         United States District Judge