# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DISTRICT

| | |
|---|---|
| BRIAN GOFF, EXECUTOR OF THE ESTATE OF FERRELL GOFF, as Assignee of Mboutidem Etokakpan, | ) CASE NO. 4:25-cv-259 ) ) |
| Plaintiff, | ) JUDGE BONITA PEARSON ) ) |
| v. | ) **PLAINTIFF'S MEMORANDUM IN** ) **SUPPORT OF DEFAULT JUDGMENT** ) |
| TRACO INTERNATIONAL GROUP S. de R.L. | ) ) ) |
| Defendant. | ) ) |

## I.     Introduction.

After the Defendant failed to timely respond to Plaintiff's Complaint, Plaintiff applied for, and obtained, the Clerk's entry of default on July 11, 2025, at ECF No. 9.

As this Court has previously held, "[f]ollowing the clerk's entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and the party's application for default under Rule 55(b), 'the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.'" *G.E. Capital Information Technology Solutions, Inc. v. Mt. Calvary Pentecostal Church of Youngstown*, N.D.Ohio No. 4:13CV1186, 2014 U.S. Dist. LEXIS 43702, at *7 (Mar. 13, 2014) (citing *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09-cv-0298, 2010 U.S. Dist. LEXIS 86241, 2010 WL 3341566, at *1 (E.D.Cal. Aug.23, 2010) (further citations omitted)).

## II.     Brief Statement of the Case.

To briefly recap, the relevant facts of this case, as alleged in Plaintiff's Complaint, are as follows.

1

Plaintiff Brian Goff is the Executor of the probate estate of his father, Ferrell Goff, appointed as such by the Trumbull County, Ohio Probate Court in case number 2022 EST 0340. Complaint, ECF No. 1, paragraph 2. On September 19, 2022, Plaintiff filed a medical malpractice and wrongful death lawsuit regarding his father's medical care against Dr. Mboutidem Etokakpan, various other individual medical providers, and various corporate healthcare entities in the Steward Health Care system. *Id*. at paragraph 9. That lawsuit was filed in the Trumbull County, Ohio Common Pleas division and litigated in Case No. 2022 CV 01323. Dr. Etokakpan was insured with respect to the medical malpractice claims in that lawsuit by Defendant TRACO International Group S. de R. L. ("TRACO"). *Id*. at paragraph 11. TRACO retained and paid for Dr. Etokakpan's counsel in that litigation.

After nineteen months in litigation, on April 16, 2024, the parties to that medical malpractice lawsuit went to mediation. *Id*. at paragraph 12. TRACO's claims representative responsible for that case participated on behalf of Dr. Etokakpan, and the parties agreed to a settlement in the amount of $535,000. *Id*. *See also Perlmuter Affidavit*, at Ex. 1, paragraph 5; *Email from Potenza Confirming Settlement*, at Ex. 2; *Potenza Notice of Appearance*, at Ex. 4.

On May 6, 2024, the Steward Health Care system and many of its affiliated entities filed a petition for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Texas. Complaint, ECF No. 1, paragraph 13. TRACO is not a debtor in that petition. *Id*. at paragraph 14. Indeed, it has represented in filings in that bankruptcy proceeding that "TRACO continues to administer claims made under the [Steward Health Care] Debtors' various insurance policies in the ordinary course." *Id*.

2

However, with respect to the settlement of Dr. Etokakpan's claim with Plaintiff, TRACO has refused to observe its obligations to its insured. *Id*. at paragraph 15. Shortly after the underlying malpractice claim was settled at mediation, TRACO ceased all communications with counsel for Dr. Etokakpan. *Id*. at paragraph 16. Likewise, Plaintiff's efforts to reach out to TRACO's attorneys, including demands for payment of the settlement proceeds, have been repeatedly ignored. *Id*. at paragraph 17.

Hence, obtained an assignment from Dr. Etokakpan of his rights under his malpractice insurance policy with TRACO. *Id*. at paragraph 3. Plaintiff, as assignee of the rights belonging to Dr. Mboutidem Etokakpan under that policy, filed this lawsuit for breach of contract and bad faith handling of the insurance claim.

**III.    Breach of Contract Claim Elements and Damages.**

As an initial matter on Count I, "Ohio law governs plaintiff's claim for breach of contract in this diversity action." *Brown v. Total Quality Logistics, LLC*, S.D. Ohio No. 1:19-cv-574, 2020 U.S. Dist. LEXIS 47149, at *4 (Mar. 18, 2020) (citing *Equitable Life Assur., Soc. of U.S. v. Poe*, 143 F.3d 1013, 1016 (6th Cir. 1998)). Per the Complaint, subject matter jurisdiction exists in this case under 28 U.S.C. § 1332 due to the diverse citizenship of the parties. Complaint, at ECF No. 1, paragraph 5.

Under Ohio law, the elements of a breach of contract claim are: "(1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff as a result of the breach." *V&M Star Steel v. Centimark Corp.*, 678 F.3d 459, 465 (6th Cir.2012) (citing *Savedoff v. Access Grp., Inc.*, 524 F.3d 754, 762 (6th Cir. 2008); *Logsdon v. Ohio N. Univ.*, 68 Ohio App. 3d 190, 587 N.E.2d 942, 946 (Ohio Ct. App. 1990)).

All of those elements exist here. Dr. Etokakpan had a contract of insurance with TRACO. Complaint at paragraph 19. Dr. Etokakpan fulfilled all obligations under that contract. *Id*. at paragraph 21. TRACO has breached by failing to pay the promised settlement. *Id*. at paragraph 22. Dr. Etokakpan has been damaged in the amount of the contractual liability of $535,000. *Id*. at paragraphs 22-23. *See also Perlmuter Affidavit*, at Ex. 1, paragraph 6.

Thus, this Court should render judgment as to Count I of Plaintiff's Complaint in the amount of $535,000.

### IV. Bad Faith Claim Elements and Damages.

As to Count II for bad faith, "[a]n Ohio federal court would apply Ohio's choice-of-law rules to determine which state's substantive law governs [insurance bad faith] claims. *Tobien v. Nationwide Gen. Ins. Co.*, 133 F.4th 613, 623-624 (6th Cir.2025) (citations omitted). A bad faith claim is a "claim[] arising in tort," and thus, "Ohio's choice-of-law rules require application of the Restatement (Second) of Conflict of Laws." *Id*. Under the Second Restatement, a court analyzing choice-of-law for a tort action must "select[] the law of the state with the 'most significant relationship to the occurrence and the parties.'" *Id*. (citing Restatement (Second) of Conflict of Laws § 145(1)).

Here, Ohio plainly has the most significant connection to this action. All of the events in this matter – both the underlying medical treatment and the underlying litigation – occurred in Ohio. The risk insured by TRACO pertained to the practice of medicine in Trumbull County, Ohio. No other state has any connection to this action, with TRACO being a Panamanian insurance carrier. Thus, Ohio substantive bad faith law applies.

Under Ohio law, "insurance companies owe their clients a duty of good faith. An insurer breaches this duty when it refuses to pay a claim without 'reasonable justification' in law or fact."

*Carpenter v. Liberty Ins. Corp.*, 6th Cir. No. 22-3508, 2023 U.S. App. LEXIS 26339, at *3 (Oct. 2, 2023) (citing *Zoppo v. Homestead Ins. Co.*, 71 Ohio St. 3d 552, 1994- Ohio 461, 644 N.E.2d 397, 399-400 (Ohio 1994)).

Ohio law further provides that "[a] bad faith claim, if proven, allows for recovery of extracontractual damages." *Treisch v. Travelers Property Cas. Ins. Co.*, S.D.Ohio No. 1:23cv373, 2024 U.S. Dist. LEXIS 177310, at *4 (Sep. 30, 2024) (citing *LeForge v. Nationwide Mut. Fire Ins. Co.*, 82 Ohio App. 3d 692, 700, 612 N.E.2d 1318, 1323 (Ohio Ct. App. 1992) (citing *Asmaro v. Jefferson Ins. Co. of New York*, 62 Ohio App.3d 110, 118, 574 N.E.2d 1118, 1123 (Ohio Ct. App. 1989)). Extracontractual damages "are damages over and above those covered by the insurance contract sustained by the insured as a consequence of the insurer's bad faith." *Id*.

Plaintiff can recover his attorneys' fees against Dr. Etokakpan due to his breach of the parties' settlement agreement: "attorney fees can be awarded as compensatory damages to the prevailing party on a motion to enforce a settlement agreement when the fees are incurred as a direct result of a breach of the settlement agreement." *Rayco Mfg. v. Murphy, Rogers, Sloss & Gambel*, 2019-Ohio-3756, 142 N.E.3d 1267, ¶ 11 (Ohio Ct. App. 2019); *Berry v. Lupica*, 196 Ohio App.3d 687, 2011-Ohio-5381, 965 N.E.2d 318 (Ohio Ct. App. 2011).

Here, undersigned counsel has spent 17.5 hours working on this matter, and Plaintiff's counsel's firm has incurred $4,326.25 in expenses over the past 13 months as a result of the breach of contract. *Perlmuter Affidavit*, at Ex. 1, paragraph 8-10; *Expense Records*, at Ex. 3. Undersigned counsel's hourly rate of $475 was recently approved by Judge Ruiz in the Northern District of Ohio in *Kuchar v. Saber Healthcare Holdings*, N.D. Ohio Case No. 1:20-cv-02542, at ECF Nos.

5

150, 159. *Perlmuter Affidavit*, at Ex. 1, paragraph 9. At that rate, the attorneys' fees incurred since, and as a direct result of, Defendant's breach total $8,312.50.

Thus, this Court should render judgment as to Count II of Plaintiff's Complaint in the amount of $12,638.75.

## V. Prejudgment Interest.

An award of prejudgment interest is appropriate here. "[S]tate law governs awards of prejudgment interest." *F.D.I.C. v. First Heights Bank, FSB*, 229 F.3d 528, 542 (6th Cir. 2000); *see also Am.'s Collectibles Network, Inc. v. Sterling Com. (Am.), Inc.*, 819 F. App'x 397, 402 (6th Cir. 2020) ("prejudgment interest rate in a diversity action must be calculated using state law").

Ohio Rev. Code § 1343.03 governs prejudgment interest. It states, in relevant part, that "when money becomes due and payable… upon any settlement between parties, …the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract."

Here, the settlement agreement did not speak to any interest rate. Ohio's statutory interest rate in 2024 and 2025 has been 8%. See https://tax.ohio.gov/individual/resources/interest-rates (last accessed on July 18, 2025). Interest at 8% of $535,000 from April 16, 2024 through the date of the filing of this motion is $53,705.21. *Perlmuter Affidavit*, Ex. 1, paragraph 11.

## VI. Post-judgment Interest.

28 U.S.C. § 1961 provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." "Under 28 U.S.C. § 1961(a), post-judgment interest

6

is mandatory." *Pal v. Deliberato*, N.D. Ohio No. 1:23-cv-01233, 2025 U.S. Dist. LEXIS 54677, at *17 (Mar. 25, 2025).

Hence, Plaintiff requests that the Order of default include provision for post-judgment interest.

### VII. Conclusion.

Based upon the foregoing, Plaintiff respectfully requests default judgment in his favor and against TRACO as follows:

1. A monetary judgment in the total amount of $547,638.75, consisting of:
    a. Judgment in the amount of $535,000 on Count I of Plaintiff's Complaint for TRACO'S breach of settlement contract;
    b. Judgment in the amount of $12,638.75 on Count II of Plaintiff's Complaint, consisting of $8,312.50 in attorneys' fees and $4,326.25 in case expenses, those costs being incurred as a result of TRACO's bad faith handling of the underlying insurance claim;
2. Pre-judgment interest in the amount of $53,705.21;
3. Post-judgment interest pursuant to 28 U.S.C. § 1961; and
4. Any other legal or equitable relief that this Court deems appropriate.

The total monetary judgment requested is $601,343.96, plus any legal or equitable relief that the Court deems appropriate.

Respectfully submitted,

*/s/ Scott D. Perlmuter*
SCOTT D. PERLMUTER (0082856)
**TITTLE & PERLMUTER**
4106 Bridge Ave.

Cleveland, OH 44113
Phone: (216) 222-2222
Fax: (888) 604-9299
Email: scott@tittlelawfirm.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The foregoing was served this 18th day of July, 2025 via Regular U.S. Mail to the following:

TRACO International Group S. de R.L.
1900 Pearl Street, Suite 2400
Dallas, TX 75201

With a copy via email to:

Timothy Walsh
twwalsh@steptoe.com

/s/ Scott D. Perlmuter
SCOTT D. PERLMUTER (0082856)