

**Scott Perlmuter <scott@tittlelawfirm.com>**

## Goff - Draft Release

**Rocco Potenza** <rpotenza@hcplaw.net>  Mon, Apr 29, 2024 at 8:54 AM
To: Scott Perlmuter <scott@tittlelawfirm.com>

Hi Scott,

Here is the revised Settlement Agreement.  I have inserted the language regarding the 3 payments.  Also, I have changed the paragraphs that the Trumbull County Probate Court required in a recent case I settled there.  The language in the release you had sent (which is our typical language) was not acceptable to Trumbull.

Please review and let me know if you have any questions or further suggested revisions.

Thanks

[Quoted text hidden]

## FULL AND FINAL SETTLEMENT AND RELEASE AGREEMENT

1.  THIS INSTRUMENT shall have the effect of resolving any and all claims by and on behalf of the estate of Ferrell Goff, against Steward Trumbull Memorial Hospital, Inc., Steward Medical Group, Inc., Steward Health Care Network, Inc., Steward Health Care System, LLC, Steward Medical Care - Trumbull, Trumbull-Mahoning Medical Care Group, and any current or former employees, physicians, resident physicians, nurses or any other employees, agents or staff members of the above-referenced entities (collectively hereinafter referred to as "Steward"), who were involved in Ferrell Goff's care and treatment at Steward and for whom Steward may be vicariously liable.  This instrument further releases Steward as to any and all vicarious liability claims of any kind, including, but not limited to, respondeat superior or agency by estoppel.  More specifically, this Agreement recites the terms by which the allegations against Steward in the case captioned *Estate of Ferrell Goff. v. Steward Trumbull Memorial Hospital, Inc., et al.,* pending in the Court of Common Pleas for Trumbull County, Ohio (Case No.: 2022 CV 01323) are hereby settled and resolved.

2.  For and in consideration of the payment of a total of **Five Hundred Thirty-Five Thousand Dollars ($535,000.00)**, to be paid in three separate checks in the amount of **One Hundred Seventy Eight Thousand, Three Hundred And Thirty-Three Dollars And Thirty-Four Cents ($178, 333.34)**[1], the receipt and sufficiency of which is hereby acknowledged, the estate of Ferrell Goff, and its agents, assigns, family members, next-of-kin and heirs and the respective agents, assigns, family members, next of kin and heirs of Ferrell Goff, hereinafter

---

[1] The first payment will be payable within 30 days from the date **RELEASORS,** deliver a copy of the Probate Order approving the settlement and the fully executed copy of this Settlement Agreement to Counsel for **RELEASEES.**  The second and third payments will be payable within 60 and 90 days respectively from the date **RELEASORS,** deliver a copy of the Probate Order approving the settlement and the fully executed copy of this Settlement Agreement to Counsel for **RELEASEES.**

referred to collectively as **"RELEASORS,"** hereby **ACKNOWLEDGE, WARRANT AND AGREE** as follows:

3.  **RELEASORS RELEASE AND FOREVER DISCHARGE** Steward as it relates to Ferrell Goff's care and treatment Steward and for whom Steward may be vicariously liable and all of Steward's parent, subsidiary or affiliated companies, hospitals, directors, trustees, board members, shareholders, owners, partners, successors, current or former employees, physicians, resident physicians, nurses or any other employees, agents or staff members, and insurers, all of whom are hereinafter referred to collectively as **"RELEASEES,"** of, from, and against all claims, actions, losses, liabilities, damages, costs or expenses, without exception or limitation, past, present or future, known or unknown, and the consequences thereof, including, but not limited to, pain, suffering, disability, losses of services or consortium, emotional distress, mental anguish, bereavement, death and punitive damages, arising out of, incidental to, or in any manner connected with the care and treatment provided to Ferrell Goff by **RELEASEES** at any time, including but not limited to the care and treatment on and after September 21, 2021.  This **RELEASE** includes, but is not limited to those claims, actions, losses, liabilities, injuries, death, and/or any other injuries, damages, costs or expenses which were alleged or could have been alleged in the pleadings filed in Case Number 2022 CV 01323 in the Trumbull County Court of Common Pleas.

4.  RELEASORS further represent that if there are any liens or rights of reimbursement by any hospital, ambulance service, or other medical provider, Medicare, Medicaid, insurance company, workers compensation provider, or attorney enforceable against the proceeds of this settlement or against the **RELEASEES**, or the persons, firms, or corporations making the payment herein, and if such a lien or right is asserted against the proceeds herein or against the **RELEASEES** or any person, firm, or corporation making payment herein, then, in

**Deleted:** employees

consideration of the payment made to **RELEASORS**, **RELEASORS** covenant to pay and satisfy such asserted lien or right, or to satisfy the same on a compromise basis, and to obtain in any event, a release and discharge of such lien or right.

     5.    **RELEASORS** warrant and represent that no portion of the claims which are the subject of this Full and Final Settlement and Release Agreement has been assigned, subrogated, or otherwise transferred to any person or legal entity, including any insurance company, which claims a right thereunder as against **RELEASEES**, including claims under any policy of insurance or otherwise on account of any medical, hospital, nursing or other expense related to the aforesaid care and treatment by **RELEASEES**. **RELEASORS** also warrant that no bankruptcy action is presently pending in which **RELEASOR** Brian Goff is the one seeking bankruptcy. **RELEASORS'** obligation to fully exonerate and protect **RELEASEES** also extends to, but is not limited to, any obligation arising out of any bankruptcy proceeding by **RELEASORS.**

     5.1    **RELEASORS** further represents that if there are any past, present or future liens, subrogation claims, or rights of reimbursement by any hospital, ambulance service, or other medical provider, Medicare, Medicaid, insurance company, workers compensation provider, or attorney enforceable against the proceeds of this settlement or against the **RELEASORS/RELEASEES**, or the persons, firms, or corporations making the payment herein after notice to and an opportunity to defend by the undersigned, and if such a lien or right is asserted against the proceeds herein or against the **RELEASORS/RELEASEES** or any person, firm, or corporation making payment herein, then, in consideration of the payment made to the **RELEASORS**, the **RELEASORS** covenant to pay and satisfy such asserted lien or right, or to satisfy the same on a compromise basis, and to obtain in any event, a release and discharge of

such lien or right for **RELEASEES**. **RELEASORS** understand such agreement and undertaking to include payment of all reasonable costs of investigation, defense, settlement, and any judgment, and court costs and attorneys' fees. **RELEASORS'** attorney and law firm are expressly exempted from the provisions of Paragraph 5.1.

        5.2    Each party hereto shall bear all attorneys' fees and costs arising from the actions of its own counsel in connection with this claim, this Full and Final Settlement and Release Agreement and the matters and documents referred to herein, and all related matters.

        6.    As used in this instrument, "damages" include, but are not limited to, any and all injuries as well as any incidental or consequential damages, and "expenses" include, but are not limited to, reasonable attorneys' fees or court costs.

        7.    **RELEASORS** shall forebear and refrain, completely and forever, from executing or collecting upon any judgment against any other person or entity, regarding any subject matter described in paragraph three (3) of this instrument, to the extent that such judgment is or may be collectible from or reimbursable by **RELEASEES** as a result of any rights of indemnity, contribution, subrogation or assignment which such other persons or entities may have or exercise against **RELEASEES**.

        8.    **RELEASORS** agree and warrant that **RELEASORS** have taken all necessary steps to ensure that any potential obligations, past or future, to Medicare have been satisfied and or secured.

        **RELEASORS** further agree that the parties have attempted to resolve this matter in compliance with both state and federal law, and believe that the settlement terms adequately consider Medicare's interest and do not reflect any attempt to shift responsibility for payment of medical expenses covered under this settlement to Medicare pursuant to 42 U.S.C. §1395(b).

**RELEASORS** further release and waive any future claims against **RELEASEES** for the denial of future Medicare benefits. **RELEASORS** further agree to indemnify and hold harmless **RELEASEES** from any and all obligations arising out of Medicare's rights.

9. **RELEASORS** and **RELEASEES** will dismiss, with prejudice, all actions, claims, and complaints against **RELEASEES** at **RELEASEES'** costs in Case Number 2022 CV 01323 in the Trumbull County Court of Common Pleas. **RELEASORS** and **RELEASEES** will do all things necessary and file all appropriate documents to dismiss such court actions.

10. Any payment pursuant to this Agreement is being made in settlement of such disputed claims or actions.

11. It is understood and agreed that nothing herein is an admission of liability or wrongdoing or that may be construed as an admission of liability on the part of the **RELEASEES.**

12. No promise, consideration, or payment other than that set forth in this Agreement has been made or offered by **RELEASEES**.

13. The terms, conditions, and provisions of this Agreement shall be binding upon **RELEASORS** and the respective heirs, executors, administrators, successors and assigns of **RELEASORS**.

14. **CONFIDENTIALITY.**

**RELEASORS** shall keep the terms of this Settlement and all communications (both oral and written) that occurred in connection with the Settlement negotiations of this claim, and all of the terms, conditions, and amounts of this Full and Final Settlement and Release Agreement strictly confidential except as otherwise required by law. **RELEASORS** shall not expressly or implicitly reveal or disclose the terms, conditions, and amounts of this Full and Final Settlement

and Release Agreement, whether as an anonymous case report, using fictitious names or pseudonyms, in generic form or otherwise, to any person or entity, including but not limited to legal trade journals, reporting services, and the media, and they shall not take any action or inaction calculated to lead to such a revelation or disclosure by another.

This Confidentiality provision does not preclude **RELEASORS** and their attorneys and law firm from disclosing this Settlement to legal representatives, tax preparers, or financial advisors, or in response to a binding court order, or to any matters that were disclosed in any Probate Court filing in order effect the Settlement and the distribution of this Settlement proceeds, including obtaining Probate Court approval, and to carry out the terms of this Full and Final Settlement and Release Agreement.

**RELEASORS** shall not respond either expressly, anonymously, "off the record," "not for attribution," or otherwise to any inquiries by the media or any other person or entity in respect to these matters.

**RELEASORS** acknowledge that this confidentiality provision is a material term of the parties' agreement to settle the within action, and this provision is contractual in nature and not a mere recital.

The language of this confidentiality provision is to be interpreted and applied in accordance with the Ohio Rules of Professional Conduct Advisory Opinions 2018-3 and 2019-04.

**RELEASORS** shall instruct their attorneys to maintain the confidentiality of the terms and conditions of this settlement in accordance with each of the foregoing provisions of this paragraph.

15. Prior to signing this Agreement, Brian Goff has read it, have been fully informed of its content with the assistance of counsel, and executed it as their own free act, on behalf of himself

and **RELEASORS**, with the legal capacity to do so being above the age of majority, of full mental capacity, and not under any duress or legal disability.

16. This Confidential Release contains the entire agreement between the parties hereto and all the terms of Confidential Release are contractual and not mere recitals.

IN WITNESS WHEREOF, this **FULL AND FINAL SETTLEMENT AND RELEASE AGREEMENT** is signed on the _____ day of _____, 2024.

**WITNESSES:**                              **RELEASORS, BY:**

_____      _____
                                                                           Brian Goff

<<HCP #1330542-v1>>



Scott Perlmuter <scott@tittlelawfirm.com>

## Goff - Draft Release

**Scott Perlmuter** <scott@tittlelawfirm.com>  Mon, Apr 29, 2024 at 9:06 AM
To: Rocco Potenza <rpotenza@hcplaw.net>
Bcc: BrianGoffZ10060026@tittleperlmuter.filevineapp.com

Rocco -

These changes are all fine. I'm going to send in the probate docs today, so I'll keep you posted on hearing date.

Take care.

[Quoted text hidden]